IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM SAMPSON,** | : | |
| | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | NO. 06-5331 |
| | : | |
| **MR. GRACE, Superintendent of** | : | |
| **Huntington State Prison, et al.** | : | |
| | : | |
| Respondents. | : | |

## ORDER

AND NOW, this 10th day of March, 2008, upon consideration of the Petition for Writ of Habeas Corpus and the Memoranda of Law in Support of that Petition (Doc. Nos. 1, 13, 14), Respondent's Answer (Doc. No. 16), Petitioner's Replies (Doc. Nos. 19, 21), Respondent's Sur-Reply (Doc. No. 20), the Magistrate Judge's Report and Recommendation (Doc. No. 24), Petitioner's Objections to the Report and Recommendation (Doc. No. 27), the Response to Petitioner's Objection (Doc. No. 28), Petitioner's Supplement to his Objections (Doc. No. 29), Petitioner's Reply (Doc. No. 30), and all related submissions, it is ORDERED and DECREED:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus is **DENIED**; and

4. There is no basis for the issuance of a certificate of appealability.

The Clerk of Court shall close this matter for statistical purposes.

1

I.      FACTUAL BACKGROUND

In 2000, Petitioner Kareem Sampson was convicted of first-degree murder and murder of an unborn child in the Philadelphia Common Pleas Court and sentenced to life imprisonment. On August 13, 2002, the Pennsylvania Superior Court affirmed Sampson's judgments of sentence. On April 14, 2003, the Pennsylvania Supreme Court denied Sampson's *Allocatur* Petition. On September 2, 2003, Sampson filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act. 42 Pa. Con. Stat. § 9541. He subsequently obtained counsel, who filed a first amended petition on February 12, 2004 and a second amended petition on July 14, 2004. On November 4, 2004, the PCRA Court granted the Commonwealth's Motion to Dismiss on the merits. On May 23, 2006, the Pennsylvania Superior Court affirmed. On September 28, 2006, the Pennsylvania Supreme Court denied Sampson's *Allocatur* Petition.

On December 4, 2006, Sampson filed the instant *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254. On October 30, 2007, the Magistrate Judge filed a Report and Recommendation, concluding that Sampson's Petition should be denied. Sampson filed *pro se* Objections on December 21, 2007. The Government responded on January 1, 2008; Sampson filed a Reply and Supplement on January 24, 2008.

II.     STANDARD OF REVIEW

The extent of my review of a Magistrate's report is committed to my discretion. See Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994); see also Thomas v. Arn, 474 U.S.

140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984); Heiser v. Ryan, 813 F. Supp. 388, 391 (W.D. Pa. 1993), aff'd, 15 F.3d 299 (3d Cir. 1994).  I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  I must review *de novo*, however, those portions of the Report to which specific objection is made.  28 U.S.C. § 636 (b)(1)(C); see generally Goney, 749 F.2d at 6-7.

### III. PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Construing Sampson's *pro se* Objections as liberally as I can, I conclude they are meritless.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers).

**1.      Number of Shots Fired**

Sampson objects that the Magistrate Judge stated that Sampson fired four shots, when "there were only three shots" fired.  (Doc. No. 27 at 3).  Sampson contends that the fourth shot was actually a re-entry wound.  (Doc. No. 27 at 3).  As Sampson notes, the Magistrate Judge referred to three shots in several other parts of the Report and Recommendation.  (Doc. No. 24, at 18, 21, 25).  Sampson argues that the number of shots was similarly misstated during the state court proceedings.  He appears to argue that because this fact is disputed, the jury relied on false information in finding him guilty.  (Doc. No. 27 at 3).

With respect to claims that have been adjudicated on the merits in state court proceedings, habeas relief shall only be granted when the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254(d).  There is no indication that any of the facts in Sampson's case were unreasonably determined in light of the evidence presented.  Moreover, whether Sampson shot the victim three or four times is immaterial to the state court decision finding Sampson guilty on both counts of murder.

**2.     PCRA Proceedings**

Sampson argues that the PCRA Court failed to hold a required evidentiary hearing before it dismissed his petition, and asks that I conduct an evidentiary hearing.  (Doc. No. 27 at 4-5; Doc. No. 29 at 4, 6).  A PCRA Court may deny post-conviction relief without a hearing when there are no genuine issues of material fact and the court is satisfied that the petitioner is not entitled to relief.  42 Pa. Cons. Stat. Ann. § 9543; Pa. R. Crim. P. Rule 907; see, e.g., Com. v. Neal 713 A.2d 657, 660 (Pa. Super. 1998).  The PCRA Court's disposition of Sampson's case is supported by the evidence of record.  (Doc. No. 15, Ex. E,  Pennsylvania Superior Court decision affirming PCRA Court's dismissal of Sampson's appeal, at 15).  Accordingly, Sampson was not entitled to an evidentiary hearing before the PCRA Court.

Similarly, a habeas petitioner is not entitled to an evidentiary hearing in federal court where he has failed to develop the factual basis of a claim in state court proceedings. 28 U.S.C.A. § 2254(e)(2). I am obligated to hold a hearing only when the petitioner relies on either a new rule of constitutional law that is retroactively applicable or a factual predicate that could not have been previously discovered through the exercise of due diligence. Id., see Williams v. Taylor, 529 U.S. 420, 429-430 (2000). Sampson has not shown factual grounds warranting an evidentiary hearing, nor has he shown that his claims fall under either exception to the rule restricting habeas hearings in federal court.

### 3. Appointment of Counsel

Sampson asks me to appoint counsel to assist him securing habeas relief. (Doc. No. 27 at 7). Because habeas proceedings are civil (not criminal) proceedings, habeas petitioners have no absolute right to the appointment of counsel. United States ex rel. Sholter v. Claudy, 203 F.2d 805, 807 (3d Cir. 1953). District courts have discretion to appoint counsel in habeas proceedings, however, where the interest of justice so requires. 18 U.S.C.A. § 3006A, United States ex rel. Manning v. Brierley, 392 F.2d 197, 198 (3d Cir. 1968). From my review of the record I do not believe the appointment of counsel is warranted.

### 4. Reasserted Habeas Claims

Finally, in his Objections Sampson has restated all nine claims that the Magistrate Judge

rejected.  Although I am not required to address these issues *de novo*, I have nonetheless done so. Brophy, 153 F. Supp. at 669.  My review of the Report and Recommendation confirms that the Magistrate Judge's rulings were correct as to all nine claims.

IV.     CONCLUSION

Upon careful consideration of the Report and Recommendation, Petitioner's Objections, and all related submissions, I overrule the Objections and accept and adopt the Magistrate Judge's Report and Recommendation.

BY THE COURT:

/s Paul S. Diamond

**Paul S. Diamond, J.**